# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO HERNANDEZ HERNANDEZ,<br><br>                      Petitioner,<br>    vs.<br>UNITED STATES OF AMERICA<br><br>                      Respondent. | CASE NO. 13cv3093-LAB and 12cr847-LAB-1<br><br>**ORDER DENYING MOTION PURSUANT TO 28 U.S.C.§ 2255** |

Petitioner and Defendant Roberto Hernandez-Hernandez pleaded guilty in this Court to one count of being a deported alien found in the United States, in violation of 8 U.S.C. § 1326, for which he was sentenced to a term of 55 months' imprisonment. After his attorney filed an appeal of the sentence, Hernandez, *pro se*, on filed a petition in the Central District of California, which was construed as a motion to vacate pursuant to 28 U.S.C. § 2255 and transferred to this Court. The Court on January 24, 2013 denied the motion without prejudice, for lack of jurisdiction.

On September 12, 2013, the Ninth Circuit affirmed Hernandez's sentence, and on December 18, he filed a second § 2255 motion in the Central District, which was again transferred here.

Hernandez used a Central District court-approved form for § 2255 motions. He indicated on the form that he believes his conviction was obtained by use of evidence pursuant to an unlawful arrest, and also that it was obtained by the unconstitutional failure

of the prosecution to disclose exculpatory evidence, but he provided no details. It also appears he believes the Court misread his criminal history by accepting the presentence report. He also appears to believe the Court erred, or was negligent, in its application of the sentencing factors.

The sentence itself was appealed and affirmed. Even if the Court were inclined to revisit the sentence and reweigh the sentencing factors, it is without authority to do so.

To the extent Hernandez is worried about his criminal history being misinterpreted, his fears are unfounded. A transcript of the sentencing hearing was filed in the docket (Docket no. 34), and the Court discussed this issue. At the hearing, Hernandez was especially concerned that a particular conviction for assault not be used against him. Hernandez argued that the defendant in that other case was someone else with the same name. The Court accepted his argument, however, and did not consider that conviction when it sentenced him. (*Id.* at 43:22–44:5.)

Finally, to the extent Hernandez is objecting to illegally-obtained evidence, or the government's failure to disclose exculpatory evidence, he waived these claims by pleading guilty. *See United States v. Ruiz*, 536 U.S. 622, 633 (2002) (claim under *Brady v. Maryland*, 373 U.S. 83 (1963) waived by guilty plea); *United States v. Brizan*, 709 F.3d 864, 866–67 (9th Cir. 2013) ("An unconditional guilty plea waives all non-jurisdictional defenses and cures all cedent constitutional defects . . . .")

The motion is **DENIED**.

**IT IS SO ORDERED**.

DATED: December 19, 2013

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge